O

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED NATIONAL INSURANCE COMPANY,** | § § § | |
| **Plaintiff,** | § § § | |
| v. | § § | **CIVIL ACTION NO. H-04-0614** |
| **UNION PACIFIC RAILROAD COMPANY, et. al,** | § § § § | |
| **Defendants.** | § | |

## MEMORANDUM AND ORDER

Pending before the Court are North American Capacity Insurance Company's ("NACIC") Amended Motion for Summary Judgment Against Plaintiff and Cross-Plaintiff (Dkt. #61) and United National Insurance Company's ("UNIC") Motion for Summary Judgment Against North American Capacity Insurance Company, Inc. (Dkt. #68). Having considered the motions, the record, and the applicable law, the Court is of the opinion that NACIC's motion should be GRANTED and UNIC's motion should be DENIED.

### Factual and Procedural Background

On September 1, 1999, M Bar D Railcar Tech, Inc. ("MBarD") and Union Pacific Railroad Company ("UPRRC") entered into a Direct Locomotive Fueling Agreement (the "Fueling Agreement").[1] Under the agreement, MBarD was required to "indemnify, defend, and hold harmless" UPRRC under certain circumstances and to obtain general liability insurance with broad form

---

[1] Dkt. #48, A-6.

contractual liability coverage naming UPRRC as an additional insured.[2] Thereafter, United National Insurance Company ("UNIC") issued an insurance policy to MBarD with effective dates of September 15, 1999 to September 15, 2000.[3] As a successor to this policy, MBarD also obtained an insurance policy from NACIC with effective dates of September 15, 2000 to September 15, 2001.[4] This policy also contained a "late reported coverage" endorsement for occurrences beginning on September 15, 1997.[5] This lawsuit arises in part from disputes surrounding these two insurance policies.

In January 2002, John Graves, a former employee of MBarD, filed a state court lawsuit in El Paso, Texas against UPRRC (the "Graves lawsuit").[6] In his petition, Graves claimed that he was injured on or about February 10, 2000 while working as a fuel truck driver for MBarD at a Union Pacific rail yard. UNIC agreed to assume the defense and indemnity of UPRRC with a limited reservation of rights on September 17, 2002, and ultimately settled the lawsuit on behalf of UPRRC in February of 2004. NACIC denied coverage to UPRRC for claims made in the Graves lawsuit on or about October 6, 2003. In the instant lawsuit, UNIC has sued UPRRC, MBarD, and NACIC seeking a declaration that (1) it has no duty to defend and indemnify UPRRC with respect to the Graves lawsuit; (2) that MBarD failed to give timely notice of the Graves claims to UNIC, and that the claim would not have been covered even if timely reported due to the claims made portion of the policy; and (3) that NACIC owes UPRRC defense and indemnity with respect to the Graves lawsuit.[7] UNIC also

---

[2] *Id*. at p. 5, at § 12, pp. 8-9, at § 26.

[3] Dkt. #66, Ex. A.

[4] Dkt. #68, Ex. A.

[5] *Id*.

[6] Dkt. #17, pp. 3-4.

[7] Dkt. #17, p. 5, at ¶ 16.

seeks reimbursement from NACIC for the monies paid by UNIC to settle the Graves lawsuit. UPRRC then filed a cross-claim against NACIC seeking a declaration that UPRRC was entitled to defense and indemnity in the Graves lawsuit pursuant to the MBarD policy issued by NACIC.

## Summary Judgment Standard

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Christopher Village, LP v. Retsinas*, 190 F.3d 310, 314 (5th Cir. 1999). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then they are not entitled to a summary judgment and no defense to the motion is required. *Id*.

"For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718-19 (5th Cir. 1995); *see also*

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). To prevent summary judgment, the non-movant must "respond by setting forth specific facts" that indicate a genuine issue of material fact. *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

When considering a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in favor of the non-movant. *See In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001); *see also Samuel v. Holmes*, 138 F.3d 173, 176 (5th Cir. 1998). The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence, disregard all evidence favorable to the moving party that the jury is not required to believe, and give credence to the evidence favoring the nonmoving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Willis v. Moore Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *See TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

**Discussion**

In its amended motion, NACIC seeks summary judgment on all claims asserted against it by UNIC and UPRRC.[8] NACIC argues that the employee exclusion in the NACIC policy with MBarD

---

[8] NACIC originally filed its Motion for Summary Judgment Against Plaintiff and Cross-Plaintiff on July 22, 2004 (Dkt. #33). In that motion, NACIC sought summary judgment on several grounds, including the limitations in the additional insured endorsement, the FELA exclusion, the railroad operations exclusion, and the employee exclusion. Thereafter, NACIC filed the amended motion currently before the Court, which offered only the employee exclusion to support the request for summary judgment. As a result of this amended motion, the Court previously denied NACIC's original motion as moot. *See* Dkt. #82.

clearly and unambiguously bars the coverage sought by UNIC and UPRRC in this lawsuit. In response, UNIC and UPRRC contend that NACIC wrongfully denied coverage to UPRRC in the Graves lawsuit because no exclusion applied. The Court will address the applicability of the employee exclusion below.

### I.     Insurance Policy Interpretation

Insurance policies are interpreted under the general rules of contract construction. *See Sharp v. State Farm Fire & Cas. Ins. Co.*, 115 F.3d 1258, 1260 (5th Cir. 1997) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. CBI Indus., Inc.*, 907 S.W.2d 517, 520 (Tex. 1995)). "[I]f the insurance contract is expressed in plain and unambiguous language, a court should not apply the various rules of construction." *Barnett v. Aetna Life Ins. Co.*, 723 S.W.2d 663, 665 (Tex. 1987). "It is well-established that ambiguities in insurance contracts are to be strictly construed against the insurer." *Sharp*, 115 F.3d at 1260-61 (citing *Puckett v. U.S. Fire Ins. Co.*, 678 S.W.2d 936, 938 (Tex. 1984)). However, this rule applies only in the event of an ambiguity. *See id.* at 1261. Whether a contract is ambiguous is a question of law for the court to decide. *See CBI Indus.*, 907 S.W.2d at 520 (citing *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.1983)). Finally, "[t]he fact that the parties disagree as to coverage does not create an ambiguity, nor may extrinsic evidence be admitted for the purpose of creating an ambiguity." *Sharp*, 115 F.3d at 1261.

### II.    The Employee Exclusion

The determinative factor in considering NACIC's motion is whether the employee exclusion applies to bar coverage to UPRRC for the Graves lawsuit. The employee exclusion provides as follows:

This insurance does not apply to:

5

\* \* \*

 e. Employer's Liability

Bodily Injury, personal injury, or advertising injury to:

(1) **An employee of any insured arising out of and in the course of employment of an insured** whether any other insured may be liable for such bodily injury, personal injury or advertising injury; or

(2) The spouse, child, parent, brother or sister of that employee as a consequence of (1) above.

**This exclusion applies**:

(1) Whether an insured may be liable as an employer or in any other capacity; and

(2) To any obligation to share damages with or repay someone else who must pay damages because of the injury.

(3) **To any insured against whom a claim is made or suit is brought by or on behalf of an employee of that insured or any other insured.**

For the purposes of this exclusion only the term employee as used in this policy includes loaned, rented, leased or temporary employees, as well as persons who qualify as borrowed servants or employees or persons who are or may be deemed employees of the Named Insured or an additional insured under the doctrine of borrowed servant, borrowed employee, respondent superior or any similar doctrine, or for whom the named or additional insured may be held liable as an employer.[9]

Although NACIC insists that Graves' injury and subsequent lawsuit against UPRRC fit squarely within the exclusionary language emphasized above, UNIC and UPRRC argue that the policy's "Separation of Insureds" provision require that each insured be treated differently, which, they contend, renders the employee exclusion inapplicable. The separation of insureds provision provides:

12. Separation of Insureds

Except with respect to the Limits of Insurance and any rights or duties specifically assigned in this Coverage Part to the first Named Insured, this insurance applies:

---

[9] Dkt. #61, Ex. B, p. 2 (emphasis added).

      a. As if each Named Insured were the only Named Insured; and

      b. Separately to each insured against who claim is made or suit is brought.[10]

According to UNIC and UPRRC, this issue of the effect of the separation of insureds clause on the employee exclusion is controlled by the Texas Supreme Court's decision in *King v. Dallas Fire Insurance Co.*, 85 S.W.3d 185 (Tex. 2002). In *King*, the Texas Supreme Court considered the effect of a separation of insureds clause in the context of whether an "occurrence" had taken place giving rise to an insurer's duty to defend. *Id*. at 187. In this case, a policy insured both an employer and its employee who were sued by a third party after the employee allegedly attacked the third party. *Id*. Among other claims, the third party asserted a claim against the employer for negligent hiring, training, and supervision. *Id*. The insurer denied coverage contending that there was no "occurrence" under the policy because the attack was intentional. *Id*. The court disagreed and found that the separation of insureds clause expressly created separate policies for the employer and the employee. *Id*. at 188. Thus, determining whether there had been an "occurrence" required looking at the policy as if the employer were the only insured. *Id*. Solely from the employer's perspective, the "occurrence" was the alleged negligence, which was not intentional. Accordingly, the court concluded that the insurer had a duty to defend the employer.

NACIC contends that the holding in *King* is simply not applicable to the case at bar. Specifically, NACIC argues that *King* only addressed the effect of a separation of insureds clause in the context of whether an "occurrence" had taken place under that policy, as opposed to the interpretation of the language of an exclusion like the one at issue here. The Court agrees, and concludes that *King* does not control the outcome of this case. While *King* certainly illustrates that

---

[10] *Id*. at p. 11.

7

the effect of a separation of insureds clause under Texas law is to create, in effect, separate polices for each insured, a court must still consider the actual language used in the exclusionary clause at issue. When considering the actual language used in this employee exclusion, this case becomes easily distinguishable from both *King* and the other cases cited as support by UNIC and UPRRC for their positions. In both *Commercial Standard Insurance Co. v. American General Insurance Co.*, 455 S.W.2d 714 (Tex. 1970) and *Float-Away Door Co. v. Continental Casualty Co.*, 372 F.2d 701 (5th Cir. 1967), the courts considered exclusionary clauses using the phrase "the insured," which is materially different from the language used in NACIC's policy. Likewise, in *State Farm Fire & Casualty v. Keegan*, 209 F.3d 767 (5th Cir. 2000), the Fifth Circuit concluded that the interplay between the phrases "the insured" and "an insured" rendered a policy ambiguous because of the severability clause.

In contrast to the cases cited above construing different policy language, the court in *Bituminous Casualty Corp. v. Maxey*, 110 S.W.3d 203 (Tex. App.—Houston [1st Dist.] 2003, pet. denied), addressed what it deemed "a case of first impression under Texas law regarding the application of a separation of insureds clause to a policy provision that refers to 'any insured.'" *Id*. at 211. The court noted that the effect of the separation of insureds clause on a particular exclusion in an insurance contract depends on the terms of that exclusion. *Id*. at 214 (citing *Petticrew v. ABB Lummus Global, Inc.*, 53 F. Supp. 2d 864, 871 (E.D. La. 1999)). "If the exclusion clause uses the term 'the insured,' application of the separation of insureds clause requires that the term be interpreted as referring only to the insured against whom a claim is being made under the policy." *Id*. (citing *Commercial Standard Ins. Co.*, 455 S.W.2d at 721. However, the court explained that if "the exclusion clause uses the term "any insured," then application of the separation of insureds clause has no effect on the exclusion clause; a claim made against any insured is excluded." *Id*. (citing *Petticrew*, 53 F. Supp. 2d at 871; *Michael Carbone, Inc. v. General Acc. Ins. Co.*, 937 F. Supp. 413, 420 (E.D.

Pa. 1996)). The court in *Maxey* then added the following:

> To hold that the term "any insured" in an exclusion clause means "the insured making the claim" would collapse the distinction between the terms "the insured" and "any insured" in an insurance policy exclusion clause, making the distinction meaningless. It would also alter the plain language of the clause, frustrating the reasonable expectations of the parties when contracting for insurance. We should not adopt an unreasonable construction of an insurance contract.
>
> Moreover, construing the term "any" the same as the word "the" in an exclusion clause when an insurance policy contains a separation of insureds or severability of interests clause would require a tortured reading of the terms of the policy.

*Id.* (citations omitted).

While not bound by the reasoning of the Texas intermediate appellate court in *Maxey*, this Court finds it persuasive. In the case at bar, the exclusionary clause applies "[t]o *any insured* against whom a claim is made or suit is brought by or on behalf of an employee of that insured *or any other insured*."[11] Because the clause uses the phrase "any insured," the Court concludes that the separation of insureds provision has no effect on the employee exclusion. *See Maxey*, 110 S.W.3d at 214. It is undisputed that Graves was an employee of MBarD, the Named Insured under the NACIC policy. Thus, as it is clear that the Graves lawsuit constituted a suit brought by an employee of another insured, which satisfies the language "any other insured" within the employee exclusion, the Court holds that the employee exclusion operates to bar coverage to UPRRC under the policy as an additional insured. As such, summary judgment in NACIC's favor is appropriate.

## Conclusion

For the foregoing reasons, NACIC's Amended Motion for Summary Judgment Against Plaintiff and Cross-Plaintiff is GRANTED, and UNIC's Motion for Summary Judgment Against North American Capacity Insurance Company is DENIED.

---

[11] (emphasis added).

9

It is so ORDERED.

Signed this 27th day of May, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE